**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
———
302 658 9200
302 658 3989 FAX

**RODGER D. SMITH II**
302 351 9205
rsmith@mnat.com

May 22, 2019

The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, DE  19801-3555

    Re:    *Boston Scientific Corp. and Boston Scientific Neuromodulation Corp. v. Nevro Corp.*, C.A. No. 18-644 (CFC)

            *Boston Scientific Corp. and Boston Scientific Neuromodulation Corp. v. Nevro Corp.*, C.A. No. 18-1163 (CFC)

Dear Judge Connolly:

    I write on behalf of Defendant Nevro Corp. ("Nevro") in the above-referenced actions regarding Plaintiffs Boston Scientific Corp. and Boston Scientific Neuromodulation Corp.'s (collectively, "Boston Scientific") May 22, 2009 letter to the Court.

    Boston Scientific's letter is not a joint letter of the parties.  Boston Scientific filed it without any notice to Nevro, and it misstates the parties' positions regarding the next events for the Court.

    Boston Scientific states that "[a]ll parties jointly submitted that the Nevro II case is ready to proceed" and, ignoring Nevro's opposition, requests that the Court immediately schedule a Rule 16 Scheduling Conference.  D.I. 20 at 1.  Contrary to the suggestion in Boston Scientific's letter, in the October 4, 2018 Joint Status Report, the parties agreed only that the "next event which the Court needs to schedule is a hearing on Nevro's Motion to Dismiss BSC's FAC."  D.I. 17 at 2 (emphasis added).  Further, Nevro expressly opposed Boston Scientific's position regarding the Rule 16 Scheduling Conference because "[i]t is Nevro's position that the Rule 16 Scheduling Conference should only be scheduled after Nevro's responsive pleading to any operative complaint" after the outcome of Nevro's pending Motion to Dismiss.  Id.
Additionally, Boston Scientific's reliance on Nevro Corp. v. Stimwave Techs., Inc., 19-325-CFC is irrelevant to the issues here.  As the Court is aware, unlike this case, the Stimwave case did not involve a pending motion to dismiss due to plaintiff's failure to plead any factual allegations relating the asserted patents to the accused products or trade secret/misappropriation claims involving publicly known information.

The Honorable Colm F. Connolly
May 22, 2019
Page 2

      Accordingly, Nevro requests that the Court deny Boston Scientific's request.

                                          Respectfully,

                                          */s/ Rodger D. Smith II*

                                          Rodger D. Smith II (#3778)

RDS/rah
Enclosures
cc:    Clerk of Court (via hand delivery)
        All Counsel of Record (via electronic mail)