IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORP. AND BOSTON SCIENTIFIC NEUROMODULATION CORP., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 18-644 (CFC) |
| NEVRO CORP., | ) ) | |
| Defendant. | ) ) ) | |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of February, 2020, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration:

IT IS ORDERED that:

1.      Relevant Deadlines and Dates.  All relevant deadlines and dates established by

this Order are set forth in the chart attached as **Exhibit A.**

2.      Rule 26(a)(1) Initial Disclosures.  The Parties shall make their initial disclosures

required by Federal Rule of Civil Procedure 26(a)(1) within five business days of the date of this

Order.  In addition, by **March 11, 2020**, the Parties shall make their disclosures required by

Paragraph 3 of this Court's Default Standard for Discovery.

3.      Disclosure of Asserted Claims and Infringement Contentions.  Not later than 30

days after the date of this Order, a party claiming patent infringement shall serve on all parties a

"Disclosure of Asserted Claims and Infringement Contentions."  Separately for each opposing

party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a)  Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b)  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)  A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)  For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e)  Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused Instrumentality;

(f)  For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

(h) The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4.      Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions.  With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)      Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)     A copy of the file history for each asserted patent;

(d)     All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)     If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)     All agreements, including licenses, transferring an interest in any asserted patent;

(g)     All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)     All agreements that otherwise may be used to support the party asserting infringement's damages case;

(i)     If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such embodying accused instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such embodying accused instrumentalities; and

4

(j)     All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.  A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.     <u>Invalidity Contentions</u>. Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a)     The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.  For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or

entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)     A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)     Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.     <u>Document Production Accompanying Invalidity Contentions</u>.  With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a)     Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)     A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)      All agreements that the party opposing infringement contends are

comparable to a license that would result from a hypothetical reasonable royalty

negotiation;

(d)      Documents sufficient to show the sales, revenue, cost, and profits for

Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any

period of alleged infringement; and

(e)      All agreements that may be used to support the damages case of the party

that is denying infringement.

The producing party shall separately identify by production number the documents that

correspond to each category set forth in this paragraph.

7.      <u>Amendment to Contentions</u>.

Amendment of the Infringement Contentions or the Invalidity Contentions may be made

only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of

circumstances that may, absent undue prejudice to the non- moving party, support a finding of

good cause include (a) recent discovery of material prior art despite earlier diligent search and

(b) recent discovery of nonpublic information about the Accused Instrumentality which was not

discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty

to supplement discovery responses does not excuse the need to obtain leave of the Court to

amend contentions.

8.      <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before: **December 18,**

**2020 .**

9.    <u>Discovery</u>.

(a)    <u>Use of Prior Discovery</u>. The parties agree to treat the fact discovery produced in *Boston Scientific Corp. et al v. Nevro Corp.*, No. CV 16-1163-CFC (D. Del.), as produced in this case.

(b)    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before **February 18, 2021**.

(c)    <u>Document Production</u>.  Document production is required to be completed on **November 20, 2020**.

(d)    <u>Requests for Admission</u>.  A maximum of **50** requests for admission are permitted for each side, exclusive of any such Request for Admission solely directed to authentication or admissibility of documents.

(e)    <u>Interrogatories</u>.  A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

(f)    <u>Depositions</u>.

i.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of **120** hours of taking fact testimony by deposition upon oral examination with depositions lasting under four (4) hours counted as four hours. These limits do not include expert depositions.

ii.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as

having filed an action in this Court for the purpose of this provision.

10.    <u>Pinpoint Citations</u>.  Pinpoint citations are required in all briefing, letters, and

concise statements of facts.  The Court will ignore any assertions of controverted facts and

controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an

attachment or exhibit, and/or case law or appropriate legal authority.  *See United States v.*

*Dunkel*, 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten business days from the date of

this Order.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this Order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this Order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this Order shall promptly notify that party of the
> motion so that the party may have an opportunity to appear and be
> heard on whether that information should be disclosed.

12.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel

find they are unable to resolve a dispute relating to a discovery matter or protective order, the

parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a)    Unless otherwise ordered, by no later than 72 hours prior to the

conference/argument, the party seeking relief shall file with the Court a letter, not to

exceed three pages, outlining the issues in dispute and the party's position on those

issues.  The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)      By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)      Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s).  The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d)      If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.    <u>Hard Copies</u>.  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 19 of this Order, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to

papers filed under seal.  Exhibits and attachments shall be separated by tabs.  Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number.  The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment.  The parties should highlight the text of exhibits and attachments they wish the Court to read.  The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

15.    Claim Construction Issue Identification.  On **August 12, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before **September 2, 2020**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s).  These documents will not be filed with the Court.  Subsequent to exchanging these lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **September 17, 2020**.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text- searchable PDF of each of the patent(s) in issue as well as those portions or the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.  Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that

11

requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

      16.   <u>Claim Construction Briefing</u>.

Each party bearing the burden of proof on infringement shall serve, but not file, its opening brief regarding terms concerning its asserted patents, not to exceed 5,500 words on **October 6, 2020**.[1] Each opposing party shall serve, but not file, its answering brief, not to exceed 8,250 words, on **October 27, 2020**. Each party bearing the burden of proof on infringement shall serve, but not file, its reply brief regarding terms concerning its asserted patents, not to exceed 5,500 words, on **November 10, 2020**. Each opposing party shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on **November 24, 2020**. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief. No later than **December 9, 2020**, the parties shall file two Joint Claim Construction Briefs (one brief shall contain the parties' arguments with respect to the disputed claim terms for BSC's asserted patents, and the other brief shall contain the parties' arguments with respect to the disputed claim terms for Nevro's asserted patents).

The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

---

[1] In other words, BSC will serve an opening brief regarding the claim terms and phrases for its asserted patents and Nevro will serve an opening brief regarding the claim terms and phrases for its asserted patents.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

      A.      [TERM 1]

           1.      Plaintiff's Opening Position
           2.      Defendant's Answering Position
           3.      Plaintiff's Reply Position
           4.      Defendant's Sur-Reply Position

      B.      [TERM 2]

           1.      Plaintiff's Opening Position
           2.      Defendant's Answering Position
           3.      Plaintiff's Reply Position
           4.      Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.  Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief.  Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence.  *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584 (Fed. Cir. 1996).  Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph.  The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

      <u>Hearing on Claim Construction</u>.

      Beginning at _____ on **January 6, 2021**, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to

be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

17.    <u>Disclosure of Expert Testimony</u>.

(a)    <u>Expert Reports</u>.  For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 19, 2021**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including regarding objective indicia of non-obviousness, is due on or before **April 16, 2021**.  Reply expert reports from the party with the initial burden of proof and rebuttals regarding objective indicia of non-obviousness are due on or before **May 7, 2021**.   No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before **May 28, 2021**.

(b)    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion on **June 17, 2021**, the deadline for dispositive motions.

18.    <u>Case Dispositive Motions</u>

(a)    <u>No early motions without leave.</u>  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 17, 2021**.  No case dispositive motion under Rule 56 may be filed more than 10 days before the above date without leave of the Court.

(b)      <u>Motions to be Filed Separately.</u>  A party shall not combine multiple

motions seeking separate and distinct relief into a single motion.

(c)      <u>Word limits combined with Daubert motion word limits.</u>  Each party is

permitted to file as many case dispositive motions as desired; provided, however, that

each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a

combined total of 10,000 words for all answering briefs, and a combined total of 5,000

words for all reply briefs regardless of the number of case dispositive motions that are

filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert*

motion to exclude or preclude all or any portion of an expert's testimony, the total

amount of words permitted for all case dispositive and *Daubert* motions shall be

increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all

answering briefs, and 6,250 words for all reply briefs.  The text for each brief shall be 14-

point and in Times New Roman or a similar typeface.  Each brief must include a

certification by counsel that the brief complies with the type and number limitations set

forth above.  The person who prepares the certification may rely on the word count of the

word-processing system used to prepare the brief.

(d)      <u>Concise Statement of Facts Requirement</u>.  Any motion for summary

judgment shall be accompanied by a separate concise statement detailing each material

fact as to which the moving party contends that there are no genuine issues to be tried

that are essential for the Court's determination of the summary judgment motion (not the

entire case).[2]  Any party who opposes the motion shall file and serve with its opposing

---

[2] A party does not satisfy the requirements of this paragraph by stating that an accused
instrumentality infringes an asserted claim or asserted claim limitation. The party must detail

papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

(e)    <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced.  The document referred to shall have relevant portions highlighted or otherwise emphasized.  The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context.  If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript.  If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists.  When multiple pages from a

---

each material fact in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(f)   <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g)   <u>Affidavits and declarations</u>.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h)   <u>Scope of Judicial Review</u>.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties.  Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements.  Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

19.   <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20.     Pretrial Conference.  On **October 7, 2021**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 4:00 p.m..  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

21.     Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.  Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

22.     Compendium of Cases.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus.  The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction).  An authority that is cited only once by a party generally should not be included in the compendium.

An authority already provided to the Court by another party should not be included in the compendium.  Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

23.     <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

24.     <u>Trial</u>.   This matter is scheduled for an 8-day jury trial beginning at 9:30 a.m. on **October 18, 2021**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

25.     <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____

The Honorable Colm F. Connolly
United States District Court Judge

**Exhibit A**

| Event | Proposed Date |
|---|---|
| Initial Disclosures | 5 business days from date of this Order |
| Protective Order | 10 business days from date of this Order |
| Identification of information required by Paragraph 3 of Default Standard for Discovery (custodians, non-custodial data sources, notice of issues) | March 11, 2020 |
| Infringement Contentions & Accompanying Document Production | 30 days from date of this Order |
| Invalidity Contentions & Accompanying Document Production | 45 days from date of service of Infringement Contentions |
| Preliminary Election of Asserted Claims (BSC: no more than 64 claims; Nevro: no more than 45 claims) | July 16, 2020 |
| Preliminary Election of Asserted Prior Art (BSC: no more than 90 invalidity grounds and 45 unique references; Nevro: no more than 128 invalidity grounds and 64 unique references) | August 4, 2020 |
| Claim Construction Terms/Phrases Identification | August 12, 2020 |
| Proposed claim construction of identified terms/phrases | September 2, 2020 |
| Joint Claim Construction Chart | September 17, 2020 |
| Claim Construction Opening Brief | October 6, 2020 |
| Claim Construction Answering Brief | October 27, 2020 |
| Claim Construction Reply Brief | November 10, 2020 |
| Completion of Document Production | November 20, 2020 |
| Claim Construction Sur-Reply Brief | November 24, 2020 |
| Joint Claim Construction Brief | December 9, 2020 |
| Joinder of Parties/Amendments | December 18, 2020 |
| **Claim Construction Hearing** | **January 6, 2021** |
| Fact Discovery Cut Off | February 18, 2021 |
| Final Election of Asserted Claims[3] | February 25, 2021 |

---

[3] Limitations to be determined at Claim Construction Hearing.

| Event | Proposed Date |
|---|---|
| Final Election of Asserted Prior Art[4] | March 4, 2021 |
| Opening Expert Report | March 19, 2021 |
| Rebuttal Expert Report | April 16, 2021 |
| Reply Expert Report | May 7, 2021 |
| Expert Deposition Cut-Off | May 28, 2021 |
| *Daubert*/Case Dispositive Motions | June 17, 2021 |
| Answering Briefs to Case Dispositive Motions | July 8, 2021 |
| Reply Briefs to Case Dispositive Motions | July 22 2021 |
| **Pre-Trial Conference** | **October 7, 2021 at 4:00 p.m.** |
| **Trial** | **October 18, 2021** |

---

[4] Limitations to be determined at Claim Construction Hearing.