IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | C.A. No. 16-1163 (CFC) |
| v. | ) ) | |
| NEVRO CORP., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | C.A. No. 18-644 (CFC) |
| v. | ) ) | |
| NEVRO CORP., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**NEVRO CORP.'S RESPONSE TO PLAINTIFFS' NOTICE
OF SUBSEQUENT EVENTS [D.I. 297]**

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT, & TUNNELL LLP<br>Rodger D. Smith II (#3778)<br>Michael J. Flynn (#5333)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br>mflynn@mnat.com<br>ccucuzzella@mnat.com |

OF COUNSEL:

Bradford J. Badke
Ching-Lee Fukuda
Sharon Lee
Ketan V. Patel
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

Thomas A. Broughan III
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000

Nathan A. Greenblatt
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA  94304
(650) 565-7000

*Attorneys for Defendant and Counterclaimant Nevro Corp.*

June 3, 2020

ii

Nevro Corp. ("Nevro") hereby responds to Plaintiffs' ("BSC") "notice," D.I. 297, which contains three pages of argument and omits key facts.

As an initial matter, BSC's summary of "the various issues" that impact its request to consolidate, bifurcate, and partially lift the stay is incomplete. BSC's summary ignores the fact that Nevro has a pending motion to stay the 18-644 case pending IPR reviews, and a motion to stay pending arbitration of BSC's trade secret claim. *See* C.A. No. 18-644, D.I. 42-43 & D.I. 105-06. Each motion directly refutes the basis for BSC's case reconfiguration request.

Further, BSC asks the Court to consolidate two cases that contain no common question of law or fact in violation of Rule 42, and stay five Nevro patent infringement counterclaims in the 18-644 case without any basis at all, so that BSC alone can benefit from an October 2021 trial date. The one-sided nature of BSC's consolidation, bifurcation, and partial stay request could not be plainer. BSC's request is particularly improper, because: (1) BSC chose to file its two cases separately and a year-and-a-half apart; (2) none of Nevro's five patents in the 18-644 case is subject to IPRs; (3) Nevro offered to stay its counterclaims for infringement of those patents ***only*** if the entire case is stayed (*see* C.A. No. 18-644, D.I. 67 at 5); and (4) Nevro has presented clear precedent and policy for why BSC's trade secret claim must be arbitrated in California (*see* C.A. No. 18-644,

1

D.I. 105-06). Accordingly, Nevro again requests that the Court deny BSC's motion to consolidate, bifurcate, and partially lift stay.

BSC's notice also fails to apprise the Court of the full impact of the Federal Circuit decisions on the 16-1163 case. The Federal Circuit decisions not only eliminate the '241 and '280 patents from the case, but also prevent BSC from recovering any damages for two other patents (the '193 and '933 patents), because BSC's damages expert concluded that BSC cannot recover damages for those patents absent infringement of the '280 patent. *See* C.A. No. 16-1163, D.I. 264 at 13-14; C.A. No. 16-1163, D.I. 265, Ex. A at 34:14-35:4 & 52:10-54:7. Consequently, only four BSC patents[1] (all in the same patent family) effectively remain in the 16-1163 case.

BSC's statements about discovery remaining in the 16-1163 case are also incomplete. As BSC has previously acknowledged, the only supplemental fact discovery and expert reports that remained to be completed in the 16-1163 case related to the asserted claims of the '280 patent, which have all been invalidated and consequently eliminated from the case. *See* C.A. No. 16-1163, D.I. 260 at 7-8. Accordingly, there is no need for "supplementation of fact discovery" and "[s]upplemental expert discovery" in the 16-1163 case. BSC

---

[1] These patents are U.S. Patent Nos. 7,891,085, 8,019,439, 8,646,172, and 8,650,747 (collectively, the "Lead Patents").

should not be permitted to manufacture damages at this point for the '193 and '933 patents. *See* C.A. No. 16-1163, D.I. 297 at 3. Any remaining expert depositions and claim construction for the Lead Patents should proceed in an orderly, streamlined fashion after the Federal Circuit issues its mandate, and the Court lifts the stay and sets a schedule—without being conflated with discovery on unrelated issues that is just starting in the 18-644 case. *See* C.A. No. 18-1163, D.I. 67 at 9 (explaining that *Nevro II* trade secret claim is unrelated to *Nevro I* patent claims).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Bradford J. Badke
Ching-Lee Fukuda
Sharon Lee
Ketan V. Patel
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

Thomas A. Broughan III
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000

Nathan A. Greenblatt
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA  94304
(650) 565-7000

June 3, 2020

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendant and Counterclaimant Nevro Corp.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 3, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Karen L. Pascale, Esquire<br>Pilar G. Kraman, Esquire<br>YOUNG CONAWAY STARGATT &TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Edmond Ahadome, Esquire<br>Thomas T. Carmack, Esquire<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 500<br>Palo Alto, CA  94306<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Edward Han, Esquire | *VIA ELECTRONIC MAIL* |
| Matthew M. Wolf, Esquire | |
| Marc A. Cohn, Esquire | |
| Amy DeWitt, Esquire | |
| William Z. Louden, Esquire | |
| William Young, Esquire | |
| Chris Moulder, Esquire | |
| Bridgette C. Boyd, Esquire | |
| Michael E. Kientzle, Esquire | |
| ARNOLD & PORTER KAYE SCHOLER LLP | |
| 601 Massachusetts Avenue, NW | |
| Washington, DC  20001 | |
| *Attorneys for Plaintiffs* | |

Dina M. Hayes, Esquire                                   *VIA ELECTRONIC MAIL*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL  60602
*Attorneys for Plaintiffs*

Michael P. Kahn, Esquire                                *VIA ELECTRONIC MAIL*
Michael N. Petegorsky, Esquire
Brooks J. Kenyon, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park, Bank of America Tower
New York, NY  10036
*Attorneys for Plaintiffs*

C. Brandon Rash, Esquire                                *VIA ELECTRONIC MAIL*
Rachel J. Elsby, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC  20006
*Attorneys for Plaintiffs*

| | |
|---|---|
| Jason Weil, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA  19103<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)