IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | C.A. No. 18-644 (CFC) (CJB) |
| v. | ) ) ) | REDACTED - PUBLIC VERSION |
| NEVRO CORP., | ) ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**DEFENDANT NEVRO CORP.'S LETTER BRIEF TO THE
HONORABLE CHRISTOPHER J. BURKE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF (D.I. 155)**

OF COUNSEL:

Bradford J. Badke
Ching-Lee Fukuda
Sharon Lee
Ketan V. Patel
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

Thomas A. Broughan III
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Nathan A. Greenblatt
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
(650) 565-7000

Original Filing Date: June 16, 2020
Redacted Filing Date: June 23, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendant and Counterclaimant
Nevro Corp.*

Dear Judge Burke:

We write on behalf of Nevro Corp. ("Nevro") in response to Plaintiffs' (collectively, "BSC") June 9, 2020 opening letter brief (D.I. 155).

BSC's request for sanctions is based on a series of mischaracterizations and disregards the Federal Rules. BSC has already obtained extensive discovery responsive to its discovery requests, including Nevro's May 21, 2020 supplemental responses, which, as explained further below, complied with the Court's May 7, 2020 Order. BSC's contention does not stem from any alleged failure by Nevro to substantively respond to BSC's discovery requests, but rather from its unfounded assumption that the Court's May 7, 2020 Order allows BSC to obtain discovery beyond that permitted by the Federal Rules. *See* Fed. R. Civ. P. 26(b) (scope of discovery limited to "any nonprivileged matter that is relevant to any party's claim or defense"). In fact, BSC has made no attempt to justify its overly broad discovery requests or explain how the requested discovery falls within the scope of Rule 26. Instead, BSC continues to insist that it be allowed unrestricted access to Nevro's internal files regardless of their relevance to BSC's trade secret claim so that it can "uncover the scope of Nevro's trade secret misappropriation" beyond that alleged in its Second Amended Complaint.[1] D.I. 150 at 2. Any unnecessary motion practice and waste of judicial resources is a direct result of BSC's abuse of the discovery process. BSC's attempted fishing expedition into Nevro's files is discovery in search of a claim and reflects BSC's lack of confidence in the claims it has pled.

## Nevro Complied With the Court's May 7th Order

Nevro complied with the Court's May 7, 2020 Order. Pursuant to that Order, on May 21, 2020, Nevro served its supplemental responses to BSC's first set of discovery requests that do not include the BSC-defined term "Trade Secrets at Issue" (*i.e.*, Interrogatory Nos. 1, 4, 8 and RFP Nos. 1-56). *See* D.I. 155-56, Exs. A & B.[2] Nevro substantively responded to BSC's Interrogatories by providing numerous pages of narrative responses and to BSC's document requests by identifying whether responsive documents had already been produced, whether Nevro has responsive or additional responsive documents, and/or the scope of non-privileged documents Nevro will produce if they exist and are found after a reasonable search. In fact, contrary to BSC's assertion that Nevro has not produced any documents responsive to BSC's document requests (D.I. 155 at 2), Nevro has already produced many documents responsive to the majority of BSC's document requests.[3] *See, e.g.*, D.I. 155, Ex. B (Nevro's supplemental responses to RFP Nos. 1-3, 5-

---

[1]  In a litigation between the parties in Germany, BSC has repeatedly requested that the German Court postpone its decision because BSC expects Nevro to produce additional documents in this case that would be relevant to the issues there. Accordingly, BSC appears to be improperly using the discovery process here to fish for anything it could use for the German proceeding.

[2]  On June 8, 2020, Nevro also served its supplemental responses to Interrogatory Nos. 2, 3, 5, and 6 pursuant to the second part of the Court's Order requiring Nevro to respond to BSC's remaining trade secret discovery requests within 30 days. BSC has not alleged any deficiencies with respect to those responses.

[3]  BSC also incorrectly asserts that Nevro admitted it had not begun to search for documents

The Honorable Christopher J. Burke
June 16, 2020

7, 9-31, 34, 35, 39, 42, and 53).  Moreover, fact discovery is ongoing and the Court's deadline for production of documents is five months away (*i.e.*, November 20, 2020).

*BSC Mischaracterizes Its Own Requests and Nevro's Responses to Incorrectly Assert That Nevro Refused to Provide Substantive Discovery*

In its attempt to manufacture a violation of the Court's May 7, 2020 Order, BSC resorts to mischaracterizing its own requests and Nevro's responses thereto.  For example, Interrogatory No. 8 does not ask for a "description of the specific design and development work undertaken by … four former BSC employees," as BSC alleges (D.I. 155 at 2).  Instead, Interrogatory No. 8 asks for the "stage of R&D, design, documentation, clinical work, marketing and/or sales of the [Nevro's] Senza Systems at the time Nevro or anyone on behalf of Nevro was in first contact with **any** Former BSC Employee."  D.I. 156, Ex. A at 16 (emphasis added).  Because different former BSC employees joined Nevro at different times, and as BSC admits (D.I. 155 at 2), Nevro reasonably provided a narrative, including dates, describing its corporate history and the development of the Senza system, so that BSC can determine Nevro's stage of development on the different dates that various former BSC employees joined Nevro.  D.I. 156, Ex. A at 17-20.  BSC does not explain why it is unable to ascertain that information from Nevro's response or why that information is not adequate.

BSC also mischaracterizes Nevro's response to Interrogatory No. 4, which asks Nevro to describe "actions taken by and on behalf of Nevro to identify all BSC documents," including "actions taken by Nevro to locate documents … in the possession, custody and control of any Former BSC Employee."  D.I. 156, Ex. A at 10-11.  In response, Nevro provided a detailed narrative of the actions Nevro took to search for and sequester BSC documents on its systems and, pursuant to Rule 33(d), identified specific documents that contain responsive information.  D.I. 156, Ex. A at 12-16.  Nevro did not "state[] it would only search for documents with file names that BSC had identified years ago in the California case," as BSC asserts (D.I. 155 at 2).  BSC does not explain why Nevro's actual response is not sufficient.

*BSC Disregards the Federal Rules to Incorrectly Assert That Nevro Refused to Provide "Substantive Discovery"*

BSC's complaints about the adequacy of Nevro's responses to its discovery requests are also based on its disregard of the scope of discovery permitted by the Federal Rules, and suggest that the Court's May 7, 2020 Order compelled Nevro to provide discovery beyond the limits of the Federal Rules.  BSC asserts that it is entitled to the full scope of requested discovery for requests that "do not depend on the specificity with which BSC's trade secrets are disclosed." D.I. 155 at 2.  BSC is incorrect.  The scope of discovery relevant to BSC's trade secret claim is necessarily dependent on the particular trade secrets BSC alleges have been misappropriated.  *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991) ("[D]isclosure of trade secrets prior to discovery of defendant may be necessary to enable the defendant and ultimately the Court to ascertain the relevance of plaintiff's discovery."); *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-

---

responsive to BSC's requests.  D.I. 155 at 1, 2.  To the contrary, Nevro has been working with its counsel to identify any additional responsive documents.

The Honorable Christopher J. Burke
June 16, 2020

04238-MMC (RMI), 2020 WL 1911195, at *7 (N.D. Cal. Apr. 20, 2020) (identification of trade secrets with reasonable particularity necessary to "assist[] courts in framing the appropriate scope of discovery and in determining whether a plaintiff's discovery requests fall within that scope"). But even setting aside whether the scope of relevant discovery depends on the *specificity* of BSC's trade secrets, the scope of relevant trade secret discovery is certainly limited to that which is relevant to BSC's trade secret claim or Nevro's defense to that claim. *See* Fed. R. Civ. P. 26(b). But BSC does not even attempt to justify the relevance of its requested discovery.

For example, in response to Interrogatory No. 1, which seeks an identification of all former BSC employees, Nevro reasonably limited its identification of former BSC employees to those who joined Nevro before May 2010—by which time Nevro had a fully developed, approved-for-market SCS system—based on BSC's own assertion in its Second Amended Complaint that the "relevant time period" for its trade secret claim is the time period during which Nevro was first "developing its own SCS system." D.I. 156, Ex. A at 9 (citing D.I. 48, ¶¶ 197, 202). It was based on these allegations that the Court determined that BSC had pled sufficient facts to sustain its trade secret claim. D.I. 23 at 25. BSC claims Nevro's response is inadequate because it did not identify former BSC employees who joined Nevro after May 2010, but provides no explanation as to why that additional information is relevant and proportional to the needs of the case. D.I. 155 at 2. BSC also identifies Request Nos. 1 and 2 as document requests that do not depend on the specificity of BSC's trade secrets, but fails to explain why the identification of every former BSC employee and all documents reflecting Nevro's efforts to recruit every former BSC employee is relevant to and proportional to the needs of the case or why the responsive documents Nevro has already produced are inadequate. *Id*. The continuing pursuit of this type of discovery reinforces Nevro's views that BSC is improperly seeking discovery in search of a claim.

BSC's disregard for limiting discovery to what is relevant to its claim is further demonstrated by Request No. 8, which it also identifies as a request not dependent on the specificity of BSC's trade secrets. D.I. 155 at 2. Request No. 8 seeks documents that "reflect[], describ[e], or refer[] or relat[e] to the [*sic*] any lists of BSC customers or past customers." *Id*. Tellingly, however, ***none*** of BSC's identified trade secrets are directed to the identity of BSC's customers. *See* D.I. 115, Ex. F; *see also, e.g.*, D.I. 155, Ex. B at 16 (RFP No. 5 requesting documents regarding any former BSC employee's involvement in the development of Senza's ability to provide stimulation at frequencies above 1.2 kHz, despite no alleged trade secret directed to that feature). Again, seeking discovery having no relevance to BSC's trade secret claim suggests BSC is improperly seeking discovery in search of a claim.

*Nevro Neither Waived Its Relevance Objections Nor Refused to Provide*
*Discovery Based on Its Rule 72 Objections, As BSC Incorrectly Alleges*

BSC also incorrectly asserts that Nevro's supplemental responses raised new relevance objections that are now waived. D.I. 155 at 2, 3. Nevro's original objections to BSC's discovery requests included specific objections that the requests were overly broad, unduly burdensome, and not proportional to the needs of the case for requesting information not relevant to any party's claim or defense. *See, e.g.*, D.I. 156, Ex. A at 8 (objecting to BSC's definition of "Former BSC Employee" because it includes individuals not relevant to any party's claim or defense); D.I. 155, Ex. B at 8, 10, 22-23. Moreover, contrary to BSC's assertion (D.I. 155 at 3), Nevro repeatedly told BSC that it was willing to meet and confer regarding the relevance and proper

3

The Honorable Christopher J. Burke
June 16, 2020

scope of BSC's requests, but that, for the parties to meaningfully do so, BSC must first identify its trade secrets with sufficient specificity. D.I. 121 at 3; *see id.*, Ex. D at 4, 9, 11. BSC never explained the relevance of its broad requests before filing its initial motion to compel. *See* D.I. 114. The Court did compel Nevro to respond to BSC's trade secret discovery requests over Nevro's objections based on BSC's trade secret claim belonging in arbitration and BSC's failure to sufficiently identify its alleged trade secrets.[4] *See* D.I. 128. In doing so, however, the Court did not overrule Nevro's relevance objections or otherwise comment on the scope or relevance of BSC's discovery requests. D.I. 128. There is no basis for asserting that the Court's May 7, 2020 Order overruled the requirements of the Federal Rules.

Nevro also did not refuse to provide discovery based on its Objections to the Court's May 7, 2020 Oral Order, as BSC contends (D.I. 155 at 3). Instead, as Nevro explained to BSC, Nevro properly preserved its objections and responded to BSC's discovery requests subject to those objections. D.I. 155, Ex. C at 5. BSC's assertions to the contrary are baseless.

**<u>Sanctions Are Not Warranted Because Nevro Complied With the Court's May 7th Order</u>**

The Court's discretionary power to award sanctions is based on "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258-SLR/MPT, 2012 WL 5379056, at *1 (D. Del. Oct. 31, 2012). None of those bases applies here.

The circumstances here are nothing like those in BSC's cited cases. *See* D.I. 155 at 3-4. In *Hawk Mountain LLC*, the sanctioned plaintiff agreed, but failed, to produce to defendant all documents produced to it by a third party by a date certain and misrepresented to the Court that it had made the full production. *Hawk Mountain LLC v. Mirra*, C.A. No. 13-2083-SLR-SRF, 2016 WL 3176566, at *3 (D. Del. June 3, 2016). In *LG Philips LCD Co.*, the defendants were sanctioned for failing to appear for numerous depositions, failing to produce witnesses prepared to testify, and failing to respond to written discovery requests. *LG Philips LC Co., Ltd. v. Tatung Co.*, C.A. No. 04-343 JJF, 2006 WL 8452351, at *2 (D. Del. Sept. 29, 2006). None of those circumstances is present here.

Nevro complied with the Court's May 7, 2020 Order and provided BSC with substantive responses to its discovery requests. Accordingly, there is no basis for sanctions. *Cf.* Fed. R. Civ. P. 37(b)(2)(A) (sanctions discretionary where party fails to obey an order). Nevro's understanding that the Court's May 7, 2020 Order did not require complete responses to objectionable interrogatories and complete production of documents regardless of their relevance to BSC's trade secret claim (D.I. 155 at 2-3) and broader than the Federal Rules contemplate is substantially justified. *See MobileMedia Ideas LLC*, 2012 WL 5379056, at *1 ("[A]n award of sanctions should not be made 'absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment or well-intentioned zeal.'").

---

[4] The parties continue to dispute the sufficiency of BSC's identified trade secrets, including the four exemplary alleged trade secrets the Court found to be "problematic." *See* D.I. 157; Ex. A (6/12/20 Letter from S. Lee to D. Hayes) (attached hereto).

The Honorable Christopher J. Burke
June 16, 2020

                Respectfully,

                */s/ Rodger D. Smith II*

                Rodger D. Smith II (#3778)

RDS/rah
Enclosure
cc: All Counsel of Record (via electronic mail)