EXHIBIT A



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 7305
SHARON.LEE@SIDLEY.COM

AMERICA  •  ASIA PACIFIC  •  EUROPE

June 12, 2020

**Highly Confidential – Attorneys' Eyes Only**

**By Email**

Dina Hayes
Arnold & Porter LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
Dina.Hayes@arnoldporter.com

Re:   *Boston Scientific Corp. et al. v. Nevro Corp.*, C.A. No. 18-644 (CFC) (D. Del.) –
Plaintiffs' Supplemental Disclosure of Trade Secret Nos. 2, 10, 47, and 56

Dina:

I write regarding BSC's May 29, 2020 Supplemental Disclosure of Trade Secret Nos. 2, 10, 47, and 56, which BSC provided pursuant to the Court's May 7, 2020 Oral Order.

As an initial matter, Nevro continues to object to BSC's identification of trade secrets that are not limited to the two documents—a "Stimulus Confirmatory Study" and "Spinal Cord Stimulator Clinician's Programming System, Module Specification"—BSC identified in its Second Amended Complaint (D.I. 48).  BSC has not alleged facts sufficient to sustain its trade secret misappropriation claim with respect to any other documents or alleged trade secrets and none of Trade Secret Nos. 2, 10, 47, and 56 relies on either of the two documents identified in the Second Amended Complaint.  Those alleged trade secrets are, therefore, outside the scope of BSC's trade secret misappropriation claim and not relevant to this case.  Fed. R. Civ. P. 26(b).

Moreover, BSC's reservation of "rights to revise, supplement or modify these disclosures as discovery progresses as Nevro has still not produced discovery which may evidence the full extent of its trade secret misappropriation" is directly contrary to the purpose of identifying trade secrets at the outset of the case. 5/29/20 Letter from D. Hayes to S. Lee at 1.  BSC continues to fail to recognize that one of the primary purposes of identifying the allegedly misappropriated trade secrets at the outset is so that Nevro and the Court can determine the proper scope of discovery, not so that BSC can later redefine its trade secrets depending on what it finds in Nevro's documents.  *See e.g.*, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991); *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016).  It is entirely improper for BSC to use the discovery process as a fishing expedition in the hopes of finding a

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

basis for its trade secret claim. *See Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; [there must be] some basis in fact for the action."); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.").

As explained in detail below, BSC's supplemental disclosures of Trade Secret Nos. 2, 10, 47 and 56 also remain deficient. While BSC's supplemental disclosures use more words than its original disclosures to give the misimpression that BSC is providing more detail, they do not provide any additional detail compared to BSC's original disclosures and, egregiously, even broaden the scope of the alleged trade secrets. In some instances, BSC even removed the word "confidential" in its revised trade secrets, obliterating a necessary element of a trade secret.



# SIDLEY

Page 3



# SIDLEY

Page 4



# SIDLEY

Page 5



\*     \*     \*

Please confirm that BSC will either immediately withdraw Trade Secret Nos. 2, 10, 47, and 56 or, at a minimum, supplement its disclosure to provide sufficient specificity by June 18, 2020.  If BSC refuses to do so, please let us know when BSC is available for a meet and confer on June 15 or 16, 2020.

Regards,

Sharon Lee
Associate